LUNDELL *v.* SWINDELL.

5-1610                                          314 S. W. 2d 505

Opinion delivered June 23, 1958.

*George K. Cracraft, Jr.,* for appellant.

*David Solomon, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellants, doing business as Lundell Plantation, to collect a "furnish" account from their former tenant, H. E. Swindell, and his wife, the appellees. The husband's responsibility for the debt is conceded; the only question on appeal is whether Mrs. Swindell was a partner with her husband and therefore personally liable for the account. When the suit was filed in 1952 the plaintiffs garnisheed fire insurance proceeds in the amount of $1,963.64, which were admittedly Mrs. Swindell's separate property. Upon trial the chancellor held that Mrs. Swindell was not a partner in her husband's farming operations; the decree accordingly dissolved the writ and awarded damages for its wrongful issuance.

The weight of the evidence supports the chancellor's findings. Early in 1949 the Swindells moved to Snow Lake Place, a farm owned by Lundell Plantation. To obtain financing from the landlord the Swindells executed a note for $6,000, payable in ten months, and a deed of trust securing the note and future advances made during 1949 and 1950. The property conveyed by the deed of trust consisted of eighteen items of farm machinery, all owned by the husband, and the debtors' interest in the crops to be grown on the farm. The Swindells remained on the land for four years, during which the present indebtedness accumulated. It is conceded that the items credited to the account were more than

sufficient to pay the $6,000 note and that no other written evidence of the debt was ever requested or given. If Mrs. Swindell is to be held personally responsible it must be found that the later advances were made to a husband-wife partnership rather than to the husband alone.

The evidence indicating the existence of a partnership is meager. The appellants rely primarily upon the fact that Mrs. Swindell signed the original note, since discharged, and the deed of trust. This alone, however, would certainly not create a partnership, either in fact or by estoppel. It is reasonable to suppose that Mrs. Swindell joined in the execution of the note as an accommodation maker and that her signature to the deed of trust was required as a precaution against the possibility that she might assert a dower interest in the farm machinery. It is also shown that Mrs. Swindell sometimes took the weekly payrolls to the plantation headquarters and obtained cash advances for their payment, picked up the annual statements of the account, and discussed these statements with the bookkeeper. In our view none of Mrs. Swindell's activities go beyond the assistance that a wife might naturally contribute to the conduct of her husband's business.

Other evidence effectively rebuts the notion that a partnership existed. Both the Swindells disclaim that relationship. The farm machinery was owned by the husband alone. It is not indicated that the wife had any voice in the management of the farm. The account was in fact carried upon the appellants' books in the name of the husband only. Mrs. Swindell operated a small store on the place as her own property; her rental payments to the appellants were not carried as a part of the furnish account. The fire insurance policy upon the store's fixtures and merchandise was payable to Mrs. Swindell. On the record as a whole we are convinced that Mrs. Swindell was not a co-owner of her husband's business and was therefore not a partner. Ark. Stats. 1947, § 65-106.

Affirmed.